## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL CARLTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  08-582 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

### MEMORANDUM

LOWELL A. REED, Jr., Sr. J                                    SEPTEMBER 18, 2008

Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[1] (Doc. No. 12) and the response and reply thereto (Doc. Nos. 15, 16).  The court makes the following findings and conclusions:

1.      On January 3, 2006, Daniel Carlton ("Carlton") protectively filed for disability insurance benefits ("DIB") and social security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of August 1, 2004.[2]  (Tr. 51-53; 54-56).  Throughout the administrative process, including an administrative hearing held on January 5, 2007 before an ALJ, Carlton's claims were denied.  (Tr. 6-8; 15-24; 25; 26; 27-31; 32-36).  Pursuant to 42 U.S.C. § 405(g), on March 3, 2008, Carlton filed his complaint in this court seeking review of that decision.

2.      In his decision, the ALJ concluded that Carlton's interstitial lung disease and borderline intellectual functioning were severe impairments.  (Tr. 20 Finding 3).  The ALJ further concluded that Carlton's impairments did not meet or equal a listing, that he retained the residual functional capacity ("RFC") to perform medium, unskilled work, that he was capable of performing his past relevant work as a security guard, and was not disabled.  (Tr. 21 ¶¶ 2, 5; 23 ¶ 2; 24 ¶ 3; 21 Finding 4; 22 Finding 5; 23 Finding 6; 24 Finding 7).[3]

3.      The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence.  Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a

---

[1]Plaintiff filed a motion for summary judgment with his brief and statement of issues in support of request for review, which the court will construe only as a brief pursuant to the procedural order. (Doc. No. 3).

[2]Carlton's earning record revealed he made $6,793.84 in 2005, which constitutes substantial gainful activity.  (Tr. 20 ¶ 3; 58).  Therefore, pursuant to 20 C.F.R. §§ 404.1571, 416.971, Carlton cannot be found to be disabled in 2005.

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).   If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

4.       Carlton raises three arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  These arguments are addressed below.  However, upon due consideration of all of the arguments and evidence, I find that the ALJ's decision is legally sufficient and supported by substantial evidence.

A.       Carlton argues that the ALJ erred in finding that his depression was not a severe impairment.  In order to meet the step two severity test, an impairment need only cause a slight abnormality that has no more than a minimal effect on the ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921; S.S.R. 96-3p, 85-28.  The Third Circuit Court of Appeals has held that the step two severity inquiry is a "de minimus" screening device to dispose of groundless claims."  McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004); Newell v. Comm. of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003).  "Any doubt as to whether this showing has been made is to be resolved in favor of the applicant." Id.  The ALJ noted that Carlton had been diagnosed with moderate major depressive disorder by a consulting psychologist, Karen Saporito, Ph.D. ("Dr. Saporito").  (Tr. 20 ¶ 4; 165).  However, the ALJ also determined that the objective medical evidence did not demonstrate that Carlton's depression significantly affected his ability to perform basic work activities, took note of his denial of emotional changes, mood swings, and difficulty with concentration or memory,[4] and noted Carlton's lack of treatment for depression.[5] (Id, 151-52).  Despite Carlton's claim that he has been depressed since 1999, the only time depression was mentioned in treatment notes was two negative depression screenings in April of 2004 and January of 2006. (Tr. 137; 140; 160; 163).  Thus, substantial evidence supports the ALJ's finding that Carlton's depression was not severe.  See Poulos v. Comm'n, 474 F.3d 88, 92-93 (3d Cir. 2007).

B.       Carlton asserts that the ALJ failed to discuss why he gave no weight to the opinion of State agency psychological consultant, Richard Williams, Ph.D. ("Dr. Williams"), that Carlton had moderate limitations in social functioning.  "The ALJ must consider all the evidence and give some reason for discounting the evidence she rejects."  Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999).  The ALJ is not bound by the opinions of the State agency consultants, but must consider their findings, other than conclusions regarding the ultimate disability determination.  20 C.F.R. §§ 404.1527, 416.927.  The ALJ noted that Dr. Williams determined Carlton was "capable of performing simple repetitive work despite his non-exertional impairments."  (Tr. 23 ¶ 1; 175).  The ALJ then acknowledged that Dr. Williams had included moderate limitation in maintaining social functioning as a non-exertional impairment, stated he gave Dr. Williams' findings significant weight, and concluded that Dr. Williams' opinion was consistent with an RFC of medium work "subject to a non-exertional limitation of unskilled work."  (Tr. 23 ¶¶ 1-2;

---

[4]I note that 21 days later, Carlton reported to Dr. Saporito that although his depression was relatively moderate, he had a diminished interest in all activities, fatigue, and reduced ability to think or concentrate.  (Tr. 163). Dr. Saporito's examination did reveal that Carlton's attention and concentration were mildly impaired, but thought this was likely due to limited intellectual functioning.  (Tr. 164).  As noted supra, the ALJ did find Carlton's borderline intellectual functioning to be a severe impairment.

[5]Carlton reported to Dr. Saporito that he had been taking Trazodone, however, no such prescription was noted in the treatment record.  (Tr. 163).

173-75).  Contrary to Carlton's allegation, the ALJ did not ignore Dr. Williams' finding regarding social functioning, but instead, adopted Dr. Williams' conclusion that despite the various limitations he determined Carlton to have, he could perform "at least simple, repetitive type work."  (Tr. 175).  Thus, the ALJ did not dismiss Dr. William's findings without explanation, so this arguments fails.

        C.     Carlton argues that the ALJ erred in finding that he could return to his past relevant work as a security guard.  Pursuant to SSR 82-61, a claimant will be found not disabled if the claimant "retains the capacity to perform the particular functional demands and job duties peculiar to an individual job as he or she actually performed it" or "retains the capacity to perform the functional demands and job duties of the job as ordinarily required by employers throughout the national economy."  1982 WL 31387 at *1-2.  SSR 82-62 provides that "statements by the claimant regarding past work are generally sufficient for determining the skill level; exertional demands and nonexertional demands of such work."  1982 WL 31386, at *3.  It further provides that is some cases the DOT can be used to supplement or corroborate, but it is clearly not mandatory.  See Id..  The ALJ determined that Carlton could perform his past relevant work of a security guard as he performed it, but did not make a finding that Carlton could perform the work as it is performed in the national economy.  (Tr. 24 ¶ 3).  Thus, the fact that the DOT listing shows a security guard to be semi-skilled work does not affect the ALJ's finding that Carlton performed his jobs as security guards as unskilled sedentary work and that Carlton was capable of performing that unskilled sedentary work.  (Tr. 24 ¶¶ 1-2).

     5.     Because the decision of the ALJ was supported by substantial evidence and is legally sufficient, the decision of the Commissioner must be affirmed.

     An appropriate Order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL CARLTON | : | CIVIL ACTION |
| | : | |
| v. | : | NO.  08-582 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 18th day of September, 2008, upon consideration of the brief in support of review filed by plaintiff and response and reply thereto (Doc. Nos. 12; 15; 16) and having found after careful and independent consideration that the record reveals that the Commissioner applied the correct legal standards and that the record as a whole contains substantial evidence to support the ALJ's findings of fact and conclusions of law, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE DEFENDANT, AFFIRMING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** and the motion for summary judgment and the relief sought by Plaintiff is **DENIED**; and

2. The Clerk of Court is hereby directed to mark this case closed.


/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.